UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL GAUDETTE, )<br> )<br>    Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>    Respondent ) | 2:17-cr-00141-JAW-1<br>2:23-cv-00351-JAW |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 175.) The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired. (Response, ECF No. 180.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In October 2017, a grand jury indicted Petitioner for (1) possessing a firearm after having been convicted of an offense punishable by more than one year in prison in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (2) possessing a firearm while being addicted to or being an unlawful user of controlled substances in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). (Indictment, ECF No. 24.) The indictment listed five firearms and five prior felonies. *Id.* In November 2017, Petitioner pled guilty to the first charge. (Change of Plea Hearing, ECF No. 65.) In April 2018, the Court sentenced Petitioner to 100 months

in prison. (Judgment, ECF No. 103.)[1] Petitioner did not file an appeal. In September 2023, Petitioner filed the § 2255 motion.

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

The Court entered Petitioner's judgment of conviction on April 27, 2018. (Judgment, ECF No. 103.) Petitioner then had fourteen days to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A). Petitioner's judgment became final following the expiration of the fourteen-day period on May 11, 2018. *See Clay v. United States*, 537 U.S. 522, 532 (2003)

---

[1] The Court also dismissed Count Two of the indictment.

(holding that when a defendant does not pursue available appellate review, § 2255's one-year limitation period starts to run when the time for seeking such review expires). The limitation period for filing a section 2255 motion to challenge the judgment expired one year later, on May 11, 2019. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("'When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)). Petitioner filed his motion on September 19, 2023, more than four years after the one-year limitations period expired.

Petitioner nevertheless contends that his motion was filed timely because it was based on "new case law to make 922(a) unconstitutional." (Motion ¶ 18.) Petitioner evidently claims his filing was timely under § 2255(f)(3) because of the Supreme Court's June 23, 2022, decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). In that case, the Supreme Court invalidated some state licensing processes that burdened the right of law-abiding citizens to carry handguns for self-defense outside the home, 142 S. Ct. at 2122, but the *Bruen* Court did not address or consider § 922(g)(1) or any other federal criminal firearm statute. While the Supreme Court also instructed courts to use a different analysis for Second Amendment challenges than previously employed by some lower courts, *id.* at 2126, and while that analysis might theoretically be used to invalidate a provision underlying a federal firearms conviction in a subsequent case, *see, e.g.*, *United States v. Rahimi*, 61 F.4th 443, 448 (5th Cir. 2023) (applying in a direct appeal the new historical analogue test and ruling that § 922(g)(8) is unconstitutional), *cert. granted*, 143 S. Ct. 2688 (2023), the *Bruen* Court's discussion about historical analogues

3

does not itself constitute a new rule of law for purposes of the § 2255 statute of limitations that would support a postconviction challenge to a § 922(g)(1) conviction. *See Sawyer v. Smith*, 497 U.S. 227, 236 (1990) (warning against interpreting or applying retroactivity rules at a high level of generality); *Barragan-Gutierrez v. United States*, 668 F. Supp. 3d 1231, 1233 (D. Wyo. 2023) (noting that nothing in *Bruen* modified the statements approving federal statutes disarming felons within *D.C. v. Heller*, 554 U.S. 570, 626 (2008), and noting that three members of the six-justice majority in *Bruen* concurred separately to emphasize the narrowness of the opinion, and concluding that "*Bruen* does not trigger a new one-year limitations period"); *United States v. Hackworth*, No. 8:19CR275, 2023 WL 6587977, at *2 (D. Neb. Oct. 10, 2023) (contrasting decisions which themselves establish a new retroactively applicable right with a decision like *Bruen*, which "merely serves as a predicate for urging adoption of another new rule that would recognize the right asserted by [Petitioner]") (internal quotation marks omitted).

Moreover, even if *Bruen* established a new retroactively applicable rule and thus restarted the one-year limitations period, Petitioner would still not be entitled to relief. Because *Bruen* was decided on June 23, 2022, the one-year period would have expired nearly three months before Petitioner signed the § 2255 motion on September 13, 2023, and the Court received the motion on September 19, 2023.

In sum, because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply,[2] dismissal is warranted.

---

[2] "[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of April, 2024.

---

tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Petitioner does not allege any circumstances that would support an equitable tolling finding.